# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

MARIE E. HYPPOLITE, Individually and On Behalf of all
Others Similarly Situated.

                                      Plaintiffs,                Civil Case No.

    -against-

PREFERRED HOME CARE OF NEW YORK, LLC,

                                      Defendant.

_____

## CLASS ACTION COMPLAINT

Plaintiff, MARIE E. HYPPOLITE, alleges of her own personal knowledge and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") in connection with Defendant's violation of its statutory obligation to pay minimum wage and overtime compensation, to non-exempt employees, for work in excess of 40 hours per week, at a rate of 1.5 times his/her regular rate of pay, pursuant to 29 U.S.C. §207(a). Plaintiff seeks to recover all unpaid minimum wages and overtime compensation, liquidated damages and costs, including reasonable attorney's fees.

2. Plaintiff also brings this Rule 23 Class action under New York's Wage and Hour Laws. More specifically, Plaintiff asserts that she is entitled to unpaid minimum wages and overtime compensation for her work beyond 40 hours per week, at a rate of 1.5 times her regular rate of pay, unpaid spread of hours premium, statutory penalties, liquidated damages and costs, including reasonable attorney's fees, pursuant to New York Labor Law § 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a federal statute. As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

**THE PARTIES**

5. PREFERRED HOME CARE OF NEW YORK, LLC ("PREFERRED") is a domestic limited liability company created and existing under and by virtue of the laws of the State of New York.

6. At all relevant times, PREFERRED was a licensed home care services agency within the meaning of Public Health Law § 3602(13).

7. PREFERRED maintains its principal offices and headquarters at 1267 57th Street, Brooklyn, New York 11219.

8. Plaintiff, MARIE E. HYPPOLITE, is a resident of Queens Village, New York 11429.

**FACTUAL ALLEGATIONS**

9. At all relevant times, PREFERRED, by its agents, servants and employees, was is in the business of providing medical and non-medical home based services to senior citizens, as a home health agency, fully licensed by the New York State Department of Health and accredited by The Joint Commission.

10. PREFERRED is an enterprise engaged in commerce or in the production of goods for commerce.

11. PREFERRED has an annual gross volume of business exceeding $500,000.00.

12. Plaintiff, MARIE E. HYPPOLITE was employed by PREFERRED as a certified Home Health Aide from June 2017 to January 2019.

13. PREFERRED paid Plaintiff $15.00 per hour.

14. At all times material and relevant herein, PREFERRED was the employer of Plaintiff within the meaning of 29 U.S.C. §§201 et seq.

15. At all relevant times, PREFERRED was the employer of Plaintiff within the meaning of NY Labor Law §§650 et seq. and the supporting New York State Department of Labor regulations.

16. At all relevant times, PREFERRED possessed the authority and power to hire or terminate its employees, including Plaintiff.

17. At all relevant times, PREFERRED possessed the authority and power to control the work schedules and conditions of employment of its employees, including Plaintiff.

18. At all relevant times, PREFERRED possessed the authority and power to determine the rate and method of the payment of its employees, including Plaintiff.

19. At all relevant times, PREFERRED possessed the authority and power to determine overtime policy for all of its employees, including Plaintiff.

20. At all relevant times, PREFERRED possessed the authority and power to determine compensation day policies for all of its employees, including Plaintiff.

21. At all relevant times, PREFERRED possessed the authority and power to maintain and/or had unrestricted access to personnel records of its employees, including Plaintiff.

22. Plaintiff was required by PREFERRED and did regularly work as a certified Home Health Aide in private homes of PREFERRED's customers.

23. Plaintiff was required by PREFERRED and did regularly work as a certified Home Health Aide in private homes of PREFERRED's customers, residing therein for 3 or 4 consecutive days per week.

24. At all relevant times, Plaintiff spent more than 20 percent of her workweek performing care services for PREFERRED's customers, assisting them with Activities of Daily Living, such as dressing, grooming, feeding, bathing, toileting and transferring.

25. At all relevant times, Plaintiff spent more than 20 percent of her workweek performing care services for PREFERRED's customers, assisting them with Instrumental Activities of Daily Living, which are tasks that enable a person to live independently at home, such as meal preparation, driving, light housework, and assistance with the physical taking of medications.

26. At all relevant times, Plaintiff worked at least 16 hours per day in private homes of PREFERRED's customers.

27. At all relevant times, Plaintiff worked 48-64 hours per week in private homes of PREFERRED's customers.

28. As a condition of employment, PREFERRED required and demanded that Plaintiff and members of the Class acknowledge and verify false time records, which understated the true number of hours worked each week.

29. PREFERRED fraudulently manipulated and calibrated time keeping modalities to Minimize and understate the true number of hours worked each week by Plaintiff and members of the Class.

30. Each week, Plaintiff and members of the Class were required to work off-the-clock and did not receive compensation for that time.

31. Plaintiff and members of the Class were never paid overtime compensation by PREFERRED, for all hours worked each week, in excess of 40 hours.

32. Plaintiff and members of the Class were never paid overtime compensation by PREFERRED, at a rate of 1.5 times their regular rate of pay, for all hours worked each week, in excess of 40 hours.

33. PREFERRED failed to keep full and accurate records of hours and wages of Plaintiff and members of the Class, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

34. To illustrate the foregoing, during the week of 01/12/18 to 01/18/18, Plaintiff worked 3 consecutive days on 01/13, 01/14 and 01/15 at 16 hours per day and received compensation in the amount of $585.00 for 39 hours of work.

34. Plaintiff's regular rate of pay for this work week was $585.00 ÷ 48 = $12.18 and she should have received an overtime rate of $12.18 X 1.5= $ 8.28.

35. Plaintiff should have received $18.28 X 9 = $164.53 overtime compensation for the week, which was not paid.

36. Other current and former certified Home Health Aides in private homes of PREFERRED's customers are similarly situated, in that under similar circumstances, they were not paid overtime compensation as mandated by the FLSA.

37. Other current and former certified Home Health Aides in private homes of PREFERRED's customers are similarly situated, in that under similar circumstances, they were not paid overtime compensation as mandated by the NYLL.

38. PREFERRED intentionally and knowingly circumvented FLSA and NYLL overtime compensation requirements.

39. PREFERRED's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U. S. Department of Labor and/or the

New York Department of Labor, or any administrative practice or enforcement policy of such departments.

40     PREFERRED's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

41.    Plaintiff seeks to bring this suit to recover from PREFERRED, all unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> **Current and former certified Home Health Aides who worked and resided for at least 3 consecutive days in private homes of PREFERRED's customers, and who during the applicable limitations period, were not paid overtime compensation at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40 and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").**

42.    PREFERRED treated Plaintiff and FLSA Plaintiffs similarly in that they: (a) performed similar tasks and job functions; below; (b) were subject to the same laws and regulations; (c) were paid in the same or similar manner; (d) were required to work in excess of (forty hours in a workweek; and (e) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty (40).

43.    At all relevant times herein, PREFERRED, by its agents, servants and/or employees was and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one- and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

44. Plaintiff and all FLSA Plaintiffs are victims of PREFERRED's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

45. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action.

## RULE 23 CLASS ALLEGATIONS

46. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

46. Plaintiff brings this action on behalf of herself and all others similarly situated.

47. Plaintiff seeks to represent the following Class described in paragraph 41 of the Complaint.

48. Plaintiff is a member of the Class she seeks to represent.

49. Plaintiffs and the putative class are similarly situated in that they are all subject to PREFERRED's common plan or practice of refusing to compensate them for overtime compensation at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

50. As to Plaintiffs' claims for money damages, pursuant to NYLL §650 et. seq., the applicable wage and hours law under which class members worked, Plaintiff sues on behalf of herself and all other members of the above-defined class. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

51. The Class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred members in the Class. While the exact number and identities of class members are unknown at this time, such information is in the possession of PREFERRED and can be ascertained through appropriate discovery.

52. There are questions of law and fact common to the Class.

53. The named Plaintiff's claims are typical of those of the Class members. Plaintiff's claims encompass the challenged practices and course of conduct of PREFERRED. Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

54. The named Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff's claims are not antagonistic to those of the putative Class and she has hired competent counsel skilled in the prosecution of class actions.

55. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

56. To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

**FIRST CLAIM FOR RELIEF**
**(INDIVIDUAL CLAIMS –FLSA VIOLATIONS)**

57. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

58. PREFERRED violated the FLSA by failing to compensate Plaintiff for all hours worked, each work week.

59. PREFERRED created false time records which understated the true number of hours Plaintiff worked each week.

60. PREFERRED violated the FLSA by failing to properly compensate Plaintiff for all hours in a workweek in excess of forty (40).

61. PREFERRED violated the FLSA by failing to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a workweek in excess of 40.

62. PREFERRED's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of these unlawful acts, PREFERRED is liable to Plaintiff for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (INDIVIDUAL CLAIMS – NYLL VIOLATIONS)

64. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

65. Preferred required Plaintiff to accept false time records which understated the true number of hours she worked.

66. PREFERRED violated the NYLL by failing to compensate Plaintiff for all hours worked, each week.

67. PREFERRED violated the NYLL by failing to properly compensate Plaintiffs for all hours in a workweek in excess of forty (40).

68. PREFERRED violated the NYLL by failing to compensate Plaintiff at a rate of 1.5 times her regular rate of pay, for all hours in a workweek in excess of 40.

69. As a result of PREFERRED's unlawful business practices, as above described, Plaintiff received wages in an amount less than the wages that she earned.

70. PREFERRED's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of these unlawful acts, PREFERRED is liable to Plaintiff for wages for all work performed; compensation for all hours in a workweek in excess of forty (40) at a rate of 1.5 times their regular rate of pay, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL.

## THIRD CLAIM FOR RELIEF
### (CLASS CLAIMS –NYLL VIOLATIONS)

72. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

73. PREFERRED required Plaintiff and members of the Class to accept false time records which understated the true number of hours worked.

74. PREFERRED violated the NYLL by failing to compensate Plaintiff and members of the Class for all hours worked, each week.

75. PREFERRED violated the NYLL by failing to properly compensate Plaintiff and members of the Class for all hours in a workweek in excess of forty (40).

76. PREFERRED violated the NYLL by failing to compensate Plaintiff and members of the Class at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

77. As a result of PREFERRED's unlawful business practices, as above described, Plaintiff and members of the Class received wages in an amount less than the wages that they earned.

78. PREFERRED's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

79. By reason of these unlawful acts, PREFERRED is liable to Plaintiff and members of the Class, for wages for all work performed; compensation for all hours in a workweek in excess of forty (40) at a rate of 1.5 times their regular rate of pay, together with such other amounts for

liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL.

## FOURTH CLAIM FOR RELIEF
## (COLLECTIVE CLAIMS –FLSA VIOLATIONS)

80. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

81. PREFERRED violated the FLSA by failing to properly compensate Collective Members for all hours in a workweek in excess of forty (40).

82. PREFERRED violated the FLSA by failing to compensate Collective Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of forty (40).

83. PREFERRED's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

84. By reason of these unlawful acts, PREFERRED is liable to Collective Members for all unpaid overtime compensation, in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## FIFTH CLAIM FOR RELIEF
## (Individual-NYLL Spread of Hours)

85. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

86. Three (3) or four (40 times each week, Plaintiff worked a span of hours that exceeded ten (10) hours in a single day.

87. PREFERRED never compensated Plaintiffs for an additional hour of work, on the days that her spread of time exceeded ten (10) hours.

88. PREFERRED knew that nonpayment of spread of hours premium was a violation of the NYLL.

89. PREFERRED willfully and intentionally failed to compensate Plaintiffs for one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

90. PREFERRED is liable to Plaintiff for an award of damages, liquidated damages, pre-post judgment interest, attorneys' fees, costs and other compensation pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Individually and on behalf of all others similarly situated, prays for Judgment as follows:

(a) Certifying this case as a Rule 23 Class Action, with Plaintiff as Class representative and her attorneys, as Class counsel;

(b) Certifying this case as an FLSA Collective Action, with Plaintiff as Collective representative and her attorneys, as Collective counsel;

(c) Awarding Judgment for all unpaid compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NYLL;

(d) Awarding Judgment for all unpaid compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the FLSA;

(e) Awarding Judgment for all unpaid overtime compensation to which Plaintiff and Collective Members are lawfully entitled pursuant to the FLSA;

(f) Awarding Judgment for all unpaid overtime compensation to which Plaintiff and Collective Members are lawfully entitled pursuant to the NYLL;

(g) Awarding Judgment for all unpaid hours of work, on the days that Plaintiff's spread of time exceeded ten (10) hours.

(h) Awarding Judgment for liquidated damages pursuant to NYLL in such amounts equal to the unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled, but which were intentionally and wrongfully withheld by Defendant;

(i) Awarding judgment for liquidated damages pursuant to FLSA in such amounts equal to all unpaid overtime compensation to which Plaintiff and Collective Members are lawfully entitled, but which were intentionally and wrongfully withheld by Defendant;

(j) An order directing PREFERRED to pay Plaintiff and Class Members their reasonable attorney's fees and all costs connected with this action;

(k) An order directing PREFERRED to pay Plaintiff and Collective Members their reasonable attorney's fees and all costs connected with this action

(l) Such other and further relief as this Court may deem just and proper.

Dated: February 15, 2019

        BLAU, LEONARD LAW GROUP, LLC

        */s/ Steven Bennett Blau*
        Steven Bennett Blau
        Shelly A. Leonard
        23 Green Street, Suite 303
        Huntington, NY 11743
        (631) 458-1010
        sblau@blauleonardlaw.com
        sleonard@blauleonardlaw.com

        *Attorneys for Plaintiff*

**DEMAND FOR PRESERVATION**

PLEASE TAKE NOTICE that PREFERRED HOME CARE OF NEW YORK, LLC, ("Defendant"), is under a legal duty to maintain, preserve, retain, protect, and not destroy any and all evidence, documents and data, both electronic and hard copy, and/or tangible items pertaining or relevant to property discoverable regarding to all of the claims made in this litigation.

This notice applies to Defendant's on- and off-site computer systems and removable electronic media, plus all computer systems, services, and devices (including all remote access and wireless devices) used for your overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data. All operating systems, software, applications, hardware, operating manuals, codes keys and other support information needed to fully search, use, and access the electronically stored information.

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);

- Video and Animation (e.g., .AVI and .MOV files);

- Databases (e.g., Access, Oracle, SQL Server data, SAP);

- Contact and Relationship Management Data (e.g., Outlook, ACT!);

- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);

- Online Access Data (e.g., Temporary Internet Files, History, Cookies);

- Presentations (e.g., PowerPoint, Corel Presentations)

- Network Access and Server Activity Logs;

- Project Management Application Data;

- Computer Aided Design/Drawing Files; and,

- Back Up and Archival Files (e.g., Zip, .GHO)

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;

- Using data or media wiping, disposal, erasure or encryption utilities or devices;

- Overwriting, erasing, destroying or discarding back up media;

- Re-assigning, re-imaging or disposing of systems, servers, devices or media;

- Running antivirus or other programs effecting wholesale metadata alteration;

- Releasing or purging online storage repositories;

- Using metadata stripper utilities;

- Disabling server or IM logging; and,

- Executing drive or file defragmentation or compression programs.

In order to assure that your obligation to preserve documents and things will be met, please forward a copy of this letter to any and all persons and entities with custodial responsibilities for the items referred to herein. Notify all individuals and affiliated organizations of the need and duty to take the necessary affirmatives steps to comply with the duty to preserve evidence.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data and/or evidence relevant to potential claims and to take reasonable efforts to preserve such data and/or evidence.