

Shelly A. Leonard
Partner
23 Green Street ▪ Suite 303
Huntington ▪ NY 11743
T: 631-458-1010 ext. 200
F: 631-458-1011
*Admitted in NY & NJ*
sleonard@blauleonardlaw.com

July 31, 2019

**Via ECF**

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Hyppolite v. Preferred Home Care of New York, LLC</u>
            Case No. 19CV00927 (DLA)(SMG)

Dear Judge Gold:

    We are counsel for the Plaintiff, Marie E. Hyppolite. Pursuant to the guidance set forth by the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Circ. 2015), the parties write jointly to request approval of the parties' written agreement to settle Plaintiff's Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and claims under New York Labor Law ("NYLL").

    After reviewing materials provided by Defense Counsel, and extended negotiations between counsel of record, the parties agreed to resolve this matter, pre-Answer, to avoid the risks, costs, and burdens of continued litigation. The parties agreed to settle her individual[1] wage and hour claims for a total amount of $32,500.00, inclusive of attorneys' fees. A copy of the settlement agreement (the "Agreement") is attached hereto as <u>Exhibit A</u>.

    Defendant denies and continues to deny Plaintiff's claims and allegations in the Action and denies any wrongdoing whatsoever. The Parties in good faith are desirous of resolving the wage and hour issues without the need and expense of further litigation

**I.    <u>Background</u>.**

    **A. Plaintiff's Position**

    Assistcare Home Health Services LLC d/b/a Preferred Home Care of New York (incorrectly identified in the caption as "Preferred Home Care of New York, LLC") ("Defendant") is a licensed home care agency that helps families across the New York metropolitan area with medical and non-medical home-based services. Plaintiff was employed by Defendant from June 2017 until January 2019, as a certified Home Health Aide. Plaintiff alleged that she worked at least 16 hours per day in

---

[1] Defendant advised of another pending class action for the same relief herein. *Medvedeva v. Assistcare Home Health Services, LLC.*, 17CV5739 EDNY.

private homes of Defendant's customers and was not paid overtime and/or off-the-clock compensation.

### B. Defendant's Position

Defendant denies Plaintiff's allegations and disputes Plaintiff's entitlement to overtime or any other type of wages. It is Defendant's position that it did not commit any violation of the FLSA or NYLL, and it is only willing to consider a settlement to avoid the considerable expense of protracted litigation. Defendant has implemented specific pay policies to ensure that its home health aides are correctly paid for all hours worked. At new employee orientation, Plaintiff was provided with time sheets, an employee manual, and time keeping policies that require all aides to accurately report all time worked, and Defendant continually advised Plaintiff of these policies during in-service trainings. Moreover, Plaintiff executed an "Agreement between Preferred Home Care and Live-In Aide" (hereinafter "Live-in Agreement") that ensures live-in workers are properly compensated by, amongst other things, requiring all home care workers to call Preferred's Hotline number if the aide is not able to enjoy sleep and meal periods. Pursuant to the Live-in Agreement, Plaintiff was also instructed to fill out and submit a "Sleep and Meal Period Exception Certification Form" to report any hours worked in excess of 13. As stated in the Live-In Agreement, the "failure to notify Preferred as directed could result in disciplinary action up to and including discharge." Nonetheless, during her entire period of employment, Plaintiff did not report that she was required to work more than 13 hours during any live-in shift or that she lacked adequate sleeping facilities in compliance with the agreement she signed. Finally, citing 29 C.F.R. § 785.48, Use of time clocks, Defendant has demonstrated that its it has properly recorded and paid Plaintiff for all time worked. Should the matter proceed, Defendant is confident it will prevail on the merits of its defenses.

With respect to the mutual non-disparagement clause in the Agreement, Defendant respectfully submits that the clause as drafted is necessary for this case to settle and proper. In Panganiban v. Medex Diagnostic and Treatment Center, LLC, 2016 WL 927183, at *2 (E.D.N.Y. 2016), the Court approved a similar clause because it includes "a carve-out for truthful statements about plaintiffs' experience litigating their case."

To avoid protracted litigation and considering Defendant's defenses and the range of Plaintiff's possible recovery, the parties agreed to settle all claims for a total amount of $32,500.00. Pursuant to the Agreement, the settlement amount is allocated to Plaintiff in the amount of $21,400.00, as back wages, and $11,100.00 allocated to attorneys' fees.

### II. The Court Should Approve the Agreement.

The FLSA places certain limitations on an employee's ability to waive claims for unpaid wages or overtime under the FLSA, 29 U.S.C. § 216. *See Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946). With only two exceptions, employees cannot waive FLSA claims for unpaid wages or overtime. The two exceptions are for: (1) settlements supervised by the Secretary of Labor; and (2) judicially-approved stipulated settlements. *Mt-Inning v. New York University*, No. 98 civ. 3300 (NRB), 2001 WL 963982, at *11 (S.D.N.Y. Aug. 22, 2001).

In accordance with the Second Circuit's decision in *Cheeks*, the Court "must evaluate whether [the] proposed FLSA settlement is 'fair and reasonable' and whether any proposed award of attorneys' fees is reasonable." *Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citing *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)). "The determination whether a settlement is reasonable does not involve the use of a mathematical equation yielding a particularized sum. Instead, there is a range of reasonableness with respect to a settlement -- a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and

costs necessarily inherent in taking any litigation to completion." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005).

In considering whether to approve a FLSA settlement, the Court should examine the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky*, 900 F. Supp. 2d at 335. In this case, each *Wolinsky* factor is satisfied and the Agreement should be approved.

Defendant produced evidence the parties agree established Plaintiff executed a Live-in Agreement and was informed in writing about meal and sleep periods during in-home employment. Thus, the risk of continued litigation for Plaintiff is high, and the range of potential recovery includes a genuine chance she will recover nothing. The first, second, and third *Wolinsky* factors are therefore satisfied. *See Sykes v. Mel S. Harris & Assocs., LLC,* No. 09 Civ. 8486, 2016 WL 3030156, at *13 (S.D.N.Y. May 24, 2016) ("In weighing the risks of establishing liability and damages, the Court must only weigh the likelihood of success by Plaintiff … against the relief offered by the settlement."); *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472-KBF-DCF, 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement….If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

Regardless, the settlement amount reasonably compensates Plaintiff for claimed back wages under the wage and hour statutes.

Concerning the fourth and fifth *Wolinsky* factors, the Agreement is the result of an arm's length negotiation between experienced employment attorneys. Counsel for the parties agree that the settlement is fair and reasonable to all parties. *See Hall v. ProSource Techs, LLC*, 14-CV-2502 (SIL), 2016 WL 1555128, at *5 (E.D.N.Y. April 11, 2016) (settlement agreement "entitled to a presumption of reasonableness" where "settlement was reached as a result of arm's-length negotiations between experienced, capable counsel.") There is no suggestion or evidence of fraud or collusion. Rather, the Agreement allows the parties to avoid additional costly, burdensome, and intrusive discovery, as well as the high cost of preparing dispositive motions and for trial. It was reached early enough in the proceedings to represent a benefit to both parties. Each of the *Wolinsky* factors is satisfied, and the Court should approve the Agreement.

### III. Plaintiff's Attorneys' Fees Are Fair and Reasonable.

Plaintiff entered into a standard wage and hour retainer agreement with Blau Leonard Law Group, LLC ("BLLG") to prosecute this action for a legal fee of one third the net recovery in the matter, or BLLG's actual time billed, whichever was greater. In this case, the Agreement contemplates a $11,100.00 legal fee and disbursement payable to BLLG in relation to the wage claims, which constitutes one third of the total $32,500.00 settlement amount. This amount is less than the total amount billed by BLLG using their hourly amount, and is being agreed to by the BLLG in the interest of promoting resolution of this matter. Attached hereto please find BLLG's redacted bills (attorney-client and/or work product) evidencing legal fees in the amount of $20,165.00.

Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *See, e.g.,* S*antos v. EL Tepeyac Butcher Shop Inc*., 15-CV-814, 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015). Here, BLLG incurred costs and fees preparing a complaint, preparing written discovery and document production requests, reviewing documents supplied by Defendant, and engaging in settlement negotiations. The $11,100.00 payment is reasonable compensation to BLLG for the hours and fees that were necessary and reasonably expended during the prosecution of Plaintiff's claims. Again, this amount is actually less than BLLG billed at its normal hourly rate, and is being agreed to

by BLLG to help promote settlement of this matter. Based on the foregoing, it is respectfully requested that the attorneys' fees and costs in the amount of $11,10.00 be approved.

**IV.** **Conclusion.**

Counsel believes the Agreement is fair and reasonable. Furthermore, the settlement amount properly compensates Plaintiff for her alleged back wages and attorneys' fees, and allows the parties to avoid the risks, costs, and uncertainty of litigation. Accordingly, the parties jointly and respectfully request that once you review the Agreement, you approve the settlement and dismiss this matter.

Thank you for Your Honor's consideration.

Respectfully Submitted,

Shelly A. Leonard

SAL/vm
cc: All Parties of Record (via ECF)